■ In the Matter of the Probate of the Will of NATHAN MINTZER, Deceased. SOPHIE KRANTZ, as Executrix of NATHAN MINTZER, Deceased, Appellant; ANNA PRISAND et al., Respondents.— STALEY, JR., J. Appeal from an order of the Surrogate's Court of Ulster County entered April 12, 1967 directing the executrix to pay $5,000 pursuant to the terms of a stipulation settling a contested probate proceeding. On May 11, 1964, the last will and testament of Nathan Mintzer dated April 18, 1964, was offered for probate in the Surrogate's Court of Ulster County. This will gave the bulk of the decedent's estate to his sister Sophie Krantz, the executrix-appellant herein, and her immediate family, and substantially reduced the legacies to three of the four respondents contained in a prior will made on February 1, 1963 while the decedent was a resident of the State of California. Objections to the probate of the will dated April 18, 1964 were filed with the Surrogate's Court of Ulster County by the respondents. A stipulation was entered into by the respondents and the attorney for the executrix on July 23, 1965 whereby the respondents agreed to withdraw their objections on the merits and consented to the probate of the will upon the agreement that the executrix pay to the respondents the sum of $5,000 within three months of the probate of the will in lieu of all legacies and bequests given to them under the will. The respondents also agreed not to file any claims against the estate after the probate proceeding. The stipulation further provided that: "This stipulation shall be of no legal effect in the event that any other party objects to the probate of the Last Will and Testament as aforesaid within the Three-Month period." On July 27, 1965, three days after the stipulation was executed, one Helen Mintzer, the executrix named in the will dated February 1, 1963, offered this prior will for probate in the State of California. Helen Mintzer was unsuccessful in the California proceeding, and thereafter filed a claim for services rendered in the Surrogate's Court of Ulster County for her personal care of the decedent. Helen Mintzer was not a party to the proceedings for probate of the will in Ulster County, and was not a party to the stipulation. The language in the stipulation must be deemed to refer to persons who were parties in the proceedings for probate in Ulster County, since all parties interested in the probate, and who presumably would have the right to object, were parties to the proceeding. On August 23, 1965, letters testamentary were issued to Sophie Krantz by the Surrogate's Court of Ulster County. On August 15, 1966 the respondents brought a motion for an order directing Sophie Krantz as executrix to make payment to them of the sum of $5,000 pursuant to the terms of the stipulation dated July 23, 1965. This motion was granted, and the executrix appeals from the order entered thereon. The appellant asserts in her affidavit in opposition to the motion that upon information and belief, Anna Prisand, one of the respondents herein, advised Helen Mintzer of the stipulation, and induced her to attempt to probate the 1963 will in the State of California and that she "feels the said Anna Prisand has an interest" in the claim filed by Helen Mintzer. The appellant urges that by reason of Anna Prisand's alleged activity, one of the parties has made an indirect objection to the probate of the will in New York, and that the stipulation has, therefore, been breached and that, in any event, the motion should not have been decided on affidavits alone, and a hearing should have been ordered. The affidavit of

Anna Prisand, submitted in support of the motion, states that she "had nothing to do with the filing of Helen Mintzer's petition in California", and that she has no interest in the claim filed by Helen Mintzer. In the face of this affidavit, it was incumbent upon the appellant to lay bare her proof, or at least show the source of her information, or the basis of her belief with regard to the alleged acts or interest of Anna Prisand. The appellant's failure to supply such essential facts leads only to the conclusion that her affidavit is based on surmise, conjecture, or speculation without any basis in fact. Under the circumstances, a hearing was not necessary since no triable issue was raised. The stipulation, having been prepared by the attorney for the appellant, any ambiguity in this regard must be resolved most strongly against her. If the stipulation had no legal effect, then not only would the obligation of the appellant to pay cease, but the withdrawal of the objections of the respondents would have no legal effect, and the respondents would have a right to a hearing on the merits of their objections. The appellant, having retained her authority granted by reason of the stipulation, and having continued to perform her duties as executrix long after the commencement of the California proceeding, must be deemed to have waived any claim that the stipulation has no legal effect. Having accepted the benefits of her bargain, there is no basis for the refusal of the appellant to pay the consideration which she agreed to pay for these benefits. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.